## PRESCOTT *vs.* CASS.

In a suit against a ward, where the defence set up was that the contract was made without the assent of the guardian, the letter of guardianship was holden to be *prima facie* evidence of appointment, without showing an application to the judge of probate and a notice to the defendant before such letter issued.

Evidence that the guardian had permitted his ward to make contracts *held* not to constitute evidence of a general authority to the ward to contract.

ASSUMPSIT, founded on account annexed to the writ, and

upon a promissory note which appeared to have been given by the defendant for the articles mentioned in the account.

The defendant appeared by guardian; and the defence was, that at the time of executing said note, and at the time when the articles were charged, the defendant was under guardianship.

In support of this defence, a letter of guardianship, appointing Nicholas Dolbeer gardian of the defendant, dated prior to the time when the account accrued, was offered; to which the plaintiff objected, unless it was first shewn that there had been due application to the judge of probate and a notice to the defendant before said letter was issued. The court overruled the objection, and admitted the evidence as *prima facie* evidence that the letter was duly issued.

The plaintiff then offered to prove that the guardian had permitted his ward to make contracts; and contended that his assent to this contract might be inferred by the jury, from his practice in permitting the ward to make contracts, and the plaintiff be thus entitled to a verdict; but the court rejected this evidence. A verdict was thereupon taken for the defendant, by consent, subject to further consideration upon the foregoing case.

*Steele,* for the plaintiff.

*Fletcher & Sullivan,* for the defendant.

UPHAM, J. The first exception taken in this case was as to the sufficiency of the proof of guardianship. We are of opinion that the ruling of the court was correct, and that a commission as guardian, or appointment as such, duly authenticated from the court of probate, is *prima facie* evidence that all the previous requisites necessary to a valid appointment have been complied with. There are many analogous cases where evidence of this character has been *holden* as *prima facie* evidence of a due appointment; and we are

not aware that any inconvenience has arisen or is likely to arise from such a course.

The defendant, then, being shown to be under guardianship, it is clear that he is incapable of contracting, except in certain cases for necessaries, so as to bind the guardian without his assent. This is conceded; but an attempt is made to show such assent by evidence that the guardian has, in certain instances, permitted the ward to make contracts; and it is contended that from his practice in this respect his assent in this case is to be implied.

Where contracts have been made by the ward suitable to his state and condition, and have been paid and approved by the guardian, it may perhaps tend to show an assent to similar contracts with such individuals made under like circumstances. But it is believed to be unsafe to extend an implied assent farther than this.

Because a guardian has ratified contracts made by his ward with one, two, or three individuals, it does not therefore follow that he must ratify all his contracts. An assent that the ward may trade with one man, is not an assent to trade with another, any more than permitting him to associate with one individual is a license to permit him to choose such companions as he pleases. Neither is an assent that an individual may trade to some certain extent for articles a license to trade in the same to any extent he may elect.

It is questionable whether any merely implied license of a guardian can extend to improvident and improper contracts of the ward. An inference so directly against the due discharge of the duties of guardian cannot with propriety be made.

The rules of evidence should be holden strictly on this point. Ordinarily there is no reason why an individual should incur the risk of contracting with a ward on implied authority merely; and we are of opinion that the ruling of the court was correct, that the assent of the guardian to the contract now in suit cannot be inferred from evidence of

instances of assent to other contracts, though frequently shown.

Such a general permission to contract is not to be presumed. It would, for the time being, abrogate all authority of the guardian, and expose him, in his settlement with the ward, to personal liability for improvident contracts, without being of any advantage to the ward. Such being the case, the authority should be distinctly shown, that neither should be prejudiced by slight evidence of liability in such cases.

*Judgment for the defendant.*